FILED

MAY 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZL TECHNOLOGIES, INC., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GARTNER GROUP, INC. and CAROL DICENZO, <br><br> Defendants - Appellees. | No. 10-16061 <br><br> D.C. No. 5:09-CV-02393-JF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted May 10, 2011[**]
San Francisco, California

Before: D.W. NELSON and W. FLETCHER, Circuit Judges, and DUFFY, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for Southern New York, New York, sitting by designation.

ZL Technologies appeals a district court order granting Gartner Group, Inc. ("Gartner") and Carolyn DiCenzo's ("DiCenzo") motion to dismiss its defamation and trade libel claims pursuant to Fed. R. Civ. P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's dismissal of an action for failure to state a claim de novo and its denial of leave to amend for abuse of discretion. *Public Utility Dist. No. 1 v. IDACORP Inc.*, 379 F.3d 641, 646 (9th Cir. 2004).

The threshold question in this case is "whether a reasonable factfinder could conclude that the contested statement implies an assertion of objective fact." *Gardner v. Martino*, 563 F.3d 981, 987 (9th Cir. 2009) (quoting *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1053 (9th Cir. 1990)). "If the answer is no, the claim is foreclosed by the First Amendment." *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995). We use a three-part test to resolve this question: "(1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates the impression, and (3) whether the statement in question is susceptible of being proved true or false." *Id*. (citation omitted). Judged by this standard, ZL Technologies' classification as a "Niche Player" in Gartner's Magic Quadrant Reports does not imply a factual assertion that ZL Technologies'

products are inferior to its competitors' products in terms of objective performance, and a reasonable factfinder could not conclude otherwise.

The general tenor of Gartner's reports clearly negates the impression that a company's position on the Magic Quadrant asserts an objective fact, much less an objective fact about the quality of that company's products. Each report begins with the disclaimer that "[t]he opinions expressed herein are subject to change without notice." Gartner also makes it clear that "[p]lacement on the Magic Quadrant each year is based on Gartner's view of the vendor's performance against the criteria listed." The axes of the Magic Quadrant are abstract qualities selected by Gartner: the "ability to execute" and "completeness of vision." These qualities are broken down into fifteen different categories, almost all of which are qualitative in nature. Only one out of the fifteen categories directly concerns a company's "Product/Service," and there is no indication that Gartner's assessment is based upon product testing. Rather, Gartner's views are shaped by conversations with "customers" and "vendor-supplied references." This subjective and qualitative approach is not given to the assertion of objective facts, and a company's placement on the Magic Quadrant is not susceptible of being proved true or false. *Cf. Unelko*, 912 F.2d at 1053-58. The district court therefore did not err in granting defendants' motion to dismiss.

ZL Technologies has waived any objection to the district court's ruling with respect to DiCenzo's statement that its products were "the same" as those of Symantec. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Even if the district court's ruling had been properly appealed, ZL Technologies' claims are without merit.

Finally, the district court did not abuse its discretion by denying leave to amend. *See Partington*, 56 F.3d at 1162.

**AFFIRMED**.